NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORDAN HUFF,

Plaintiff - Appellant,

v.

THOMAS MOORE, Doctor at USP
Atwater; ANDRE MATEVOUSIAN,
Former Warden at USP Atwater; STEVE
LAKES, Warden at USP Atwater; FNU
HESS; USP ATWATER PRISON
OFFICIALS,

Defendants - Appellees.

No. 23-2383

D.C. No. 1:19-cv-01248-HBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Helena M. Barch-Kuchta, Magistrate Judge, Presiding[**]

Submitted May 21, 2025[***]

Before:  SILVERMAN, LEE, and VANDYKE, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal prisoner Jordan Huff appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Huff failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (once the defendant has carried the burden to prove there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him); *see also Ross v. Blake*, 578 U.S. 632, 643-44 (2016) (setting forth circumstances in which administrative remedies are effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

**AFFIRMED.**

23-2383